UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAO ADOLFO ARAUJO GOMES
HERBERT,
                              Petitioner,

                -v-

THOMAS DECKER, *in his official
capacity as Field Office Director, N.Y.C.
Field Office, U.S. Immigration & Customs
Enforcement*, et al.,
                              Respondents.

19-CV-760 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Petitioner Joao Adolfo Araujo Gomes Herbert initiated this action by filing a petition for

habeas corpus under 28 U.S.C. § 2241, seeking either release from immigration detention or a

bond hearing at which his release may be considered by an impartial adjudicator.  (Dkt. No. 1

("Pet.") at 22.)  For the reasons that follow, the petition is granted.

I.        Background

Petitioner Gomes Herbert is thirty-eight years old and a citizen of Guinea-Bissau.  (Pet.

¶ 22.)  Gomes Herbert's father "is a Bissau-Guinean diplomat to Russia," and his grandfather

served as president of Guinea-Bissau for over two decades.  (Pet. ¶ 23.)  Gomes Herbert's

grandfather was "assassinated in a coup d'état in Guinea-Bissau on March 2, 2009," during

which Gomes Herbert "was himself tortured by his grandfather's assassins."  (Pet. ¶¶ 23–24.)

Gomes Herbert subsequently left Guinea-Bissau for Russia and then the United States,

arriving on July 7, 2010 pursuant to a G-2 visa available to certain foreign government

representatives.  (Pet. ¶¶ 23–25.)  The U.S. State Department revoked Gomes Herbert's visa in

June 2012, directing him to depart the country by July 7, 2012.  (Dkt. No. 7 ¶ 4.)  However,

Gomes Herbert remained in the United States beyond this departure date.  (*Id.*; Pet. ¶ 25.)

1

On March 22, 2017, Gomes Herbert was arrested on charges related to the distribution of controlled substances.  (Dkt. No. 1-2 at 9–12; Dkt. No. 7 ¶ 5.)  On March 12, 2018, Gomes Herbert pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  (Dkt. No. 1-2 at 13; Dkt. No. 7 ¶ 5.)  Gomes Herbert was sentenced to time served (Pet. ¶ 26; Dkt. No. 1-2 at 14), which had been approximately 16 months' imprisonment (Dkt. No. 7 ¶ 5), and three years' supervised release (Dkt. No. 1-2 at 15; Dkt. No. 7 ¶ 5).

Gomes Herbert was to be released from criminal custody on July 24, 2018, but he was held on an Immigration and Customs Enforcement ("ICE") detainer until July 27, 2018.  (Pet. ¶ 27.)  Gomes Herbert was subsequently arrested by ICE on July 27, 2018, and charged as removable under the Immigration and Nationality Act ("INA") for remaining in the United States without authorization after his visa was revoked.  (Dkt. No. 1-1 at 1–2; Dkt. No. 7 ¶ 6.)  In a custody determination the same day, ICE found that Gomes Herbert was subject to mandatory detention under 8 U.S.C. § 1226(c).  (Pet. ¶ 27; Dkt. No. 1-1 at 5–6.)  He remains in ICE custody at the Bergen County Jail in Hackensack, New Jersey.  (Dkt. No. 1-1 at 1; Pet. ¶¶ 4, 27.)

Gomes Herbert had his first appearance in immigration court on December 13, 2018, four and a half months after his arrest.  (Pet. ¶ 28; Dkt. No. 7 ¶ 7.)  Pro bono counsel from the Bronx Defenders entered an appearance on his behalf at that time and requested "a brief adjournment for attorney preparation."  (Pet. ¶ 28.)  The immigration judge ("IJ") adjourned the case for six weeks, until January 25, 2019.  (*Id.*; *see* Dkt. No. 7 ¶ 8.)  On January 25, 2019, counsel for Gomes Herbert filed an application for withholding of removal under the Convention Against Torture ("CAT") (Pet. ¶ 29), and requested a six-hour hearing to present his case (Dkt. No. 7 ¶ 9).  The IJ adjourned the case until May 14, 2019, at which time there will be a merits hearing

on Gomes Herbert's application for relief from removal. (*Id.*; Pet. ¶ 29.)

Petitioner Gomes Herbert filed the instant habeas petition through counsel on January 25, 2019, asserting that Gomes Herbert's ongoing detention without a bond hearing violates his constitutional rights under the Due Process Clause of the Fifth Amendment. (Pet. ¶ 3.) Respondents Thomas Decker, ICE's local field office director; Kirstjen M. Nielsen, the Secretary of Homeland Security; and Matthew Whitaker, then the acting Attorney General of the United States,[1] filed an opposition to the petition on February 27, 2019. (Dkt. No. 6.) Gomes Herbert filed a reply brief on March 13, 2019. (Dkt. No. 9.)[2]

## II. Discussion

"[P]rolonged detention under § 1226(c) without providing an alien with a bond hearing will—at some point—violate the right to due process." *Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *8 (S.D.N.Y. May 23, 2018). Gomes Herbert argues that this point of unreasonableness has been passed in his case, and that the Due Process Clause entitles him to an individualized determination of whether ongoing detention is justified.[3] (Pet. ¶¶ 3, 60.)

---

[1]    William Barr, the current Attorney General of the United States, is substituted for Matthew Whitaker pursuant to Federal Rule of Civil Procedure 25(d).

[2]    Various courts in this District have set forth in detail the underlying law relevant to due process challenges to the failure to provide a bond hearing to individuals detained under § 1226(c). *See, e.g.*, *Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *1–3, *6–7 (S.D.N.Y. May 23, 2018); *Hernandez v. Decker*, No. 18 Civ. 5026, 2018 WL 3579108, at *3–7 (S.D.N.Y. July 25, 2018). Assuming the parties' familiarity with this legal background, the Court does not reproduce it here.

[3]    Gomes Herbert also contends that the Court should adopt a bright line rule under the Due Process Clause limiting immigration detention under § 1226(c), without a bond hearing, to six months. (Pet. ¶ 55.) The Court notes that other courts confronting the question have declined to adopt that approach. *See, e.g.*, *Sajous*, 2018 WL 2357266, at *10 ("[T]he Court concludes that it may not impose a six-month rule as a matter of constitutional interpretation."). Regardless, it is unnecessary to address this question, because the Court concludes that Gomes Herbert is entitled to relief under a fact-based, case-specific inquiry.

To determine whether mandatory detention under § 1226(c) without a bond hearing has become unreasonable, courts in this District have "overwhelmingly adopted" a "fact-based inquiry" applied by Judge Nathan in *Sajous v. Decker*. *Dukuray v. Decker*, No. 18 Civ. 2898, 2018 WL 5292130, at *3 (S.D.N.Y. Oct. 25, 2018) (citing *Sajous*, 2018 WL 2357266, at *10). The *Sajous* test takes into consideration five factors: (1) "the length of time the alien has already been detained"; (2) "whether the alien is responsible for the delay"; (3) "whether the detained alien has asserted defenses to removal"; (4) "whether the alien's civil immigration detention exceeds the time the alien spent in prison for the crime that rendered him removable"; and (5) "whether the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention." *Sajous*, 2018 WL 2357266, at *10–11 (citations omitted). Some courts applying this test have also considered a sixth factor: "whether the petitioner's detention is near conclusion." *Dukuray*, 2018 WL 5292130, at *4.

The Court adopts the *Sajous* framework and applies these factors to assess whether Gomes Herbert's detention without a bond hearing has become unreasonably prolonged.

(1) Gomes Herbert has been detained in ICE custody since July 27, 2018—a duration of over eight months. And as courts have consistently recognized, "detention that has lasted longer than six months is more likely to be 'unreasonable,' and thus contrary to due process, than detention of less than six months." *Sajous*, 2018 WL 2357266, at *10 (collecting cases); *see also Dukuray*, 2018 WL 5292130, at *4.

(2) Of these eight months, Gomes Herbert is responsible for only six weeks of delay—a single adjournment requested so that counsel could prepare the case. (Pet. ¶ 28.) As Respondents acknowledge (Dkt. No. 6 at 17), the four-and-a-half-month delay before Gomes Herbert had his initial appearance in immigration court is attributable to the government, *see*

*Sajous*, 2018 WL 2357266, at \*11 ("When an alien's detention becomes prolonged because his case has 'slipped through the cracks,' such detention is unreasonable whether the failure was caused by ICE officials, an immigration judge, an administrative clerk, or another agency such as [the U.S. Citizenship and Immigration Services].").  And Gomes Herbert has presented unrebutted testimony that the three-and-a-half-month delay between the January 25, 2019 hearing and the merits hearing scheduled for May 14, 2019 (Pet. ¶ 29) is attributable to the workload of the immigration court, and not to the fact that his counsel requested a six-hour hearing (*see* Dkt. No. 9-1 ¶¶ 4, 7).

(3)  Gomes Herbert has asserted a defense to deportation through filing a CAT application for withholding of removal (*see* Dkt. No. 1-3), and Respondents do not argue that this defense is frivolous, *see Sajous*, 2018 WL 2357266, at \*11 ("The Court need not inquire into the strength of [Petitioner's] defenses—it is sufficient to note their existence and the resulting possibility that the Petitioner will ultimately not be removed, which diminishes the ultimate purpose of detaining the Petitioner pending a final determination as to whether he is removable.").

(4)  Gomes Herbert was sentenced to time served for the underlying criminal conviction (Dkt. No. 1-2 at 14), which resulted in approximately 16 months' imprisonment from the time of his arrest to his transfer to ICE custody (Dkt. No. 7 ¶ 5).[4]

---

[4]     Because the length of Gomes Herbert's immigration detention has so far been only half that of his criminal detention, this factor would seem to favor Respondents.  However, the Court notes that Gomes Herbert consented to pre-trial detention in the criminal case and does not appear to have sought a bail hearing.  (*See United States v. Herbert*, No. 17 Cr. 255 (S.D.N.Y.).)  As a result, the court in Gomes Herbert's criminal case conducted no assessment of his dangerousness or risk of flight.  Furthermore, his underlying conviction for distribution of controlled substances was for a non-violent offense.  Therefore, to the extent this fourth factor is relevant to assessing whether "the defendant is a danger to the community or a risk of flight so that a bond hearing would be futile," *Cabral v. Decker*, 331 F. Supp. 3d 255, 262 (S.D.N.Y.

(5)  Gomes Herbert is being held at the Bergen County Jail, "a penal institution in New Jersey."  *Hernandez*, 2018 WL 3579108, at *10.  Respondents have failed to rebut Gomes Herbert's contention (Pet. ¶¶ 1, 59) that his ongoing detention at this facility is indistinguishable from criminal incarceration.  *See Dukuray*, 2018 WL 5292130, at *5 (describing Bergen County Jail as "no differen[t]" from a penal institution).

(6)  The merits hearing on Gomes Herbert's application for relief from removal is scheduled for May 14, 2019, after which the IJ may need additional time to issue a ruling, and the losing party may pursue an appeal.  (Pet. ¶¶ 30–31, 56.)  Gomes Herbert's immigration detention, absent a bond hearing, is thus not likely to terminate any time in the near future.  *See Dukuray*, 2018 WL 5292130, at *5 ("[T]here is 'significant reason to believe that [petitioner's detention] will continue, either because a decision on his application for asylum is not yet ready, or because he would remain detained throughout the course of an appeal by either side.'" (second alteration in original) (quoting *Lett v. Decker*, 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018), *appeal docketed*, No. 18 Civ. 3714 (2d Cir. Dec. 11, 2018))).

Of these six factors, all but the fourth clearly supports Gomes Herbert's petition.  And even the fourth factor—the length of his underlying criminal detention—does not indicate that a bond hearing would be futile in light of the circumstances of this case.  Taken together, then, the relevant factors "demonstrate that continued detention of the Petitioner without a bond hearing is unreasonable and unconstitutional."  *Sajous*, 2018 WL 2357266, at *12.

Finally, the parties briefly contest the allocation of the burden and the standard to be

---

2018), the Court cannot say that the length of criminal incarceration indicates that a bond hearing would be futile in this case.  *See also Hernandez*, 2018 WL 3579108, at *10 (noting the relevance of the length of an underlying criminal sentence because it reflects "the state's judgment of [a petitioner's] dangerousness").

applied at a bond hearing conducted by the IJ.  (Pet. ¶ 52–53 & at 22; Dkt. No. 6 at 19 n.4.)

Respondents contend that any hearing should follow "the procedures and standards set forth in 8 U.S.C. § 1226(a)," because the Supreme Court signaled its support for this result in *Jennings v. Rodriguez*.  (Dkt. No. 6 at 19 n.4 (citing *Jennings v. Rodriguez*, 138 S. Ct. 830, 846–48 (2018); *id.* at 882 (Breyer, J., dissenting)).)  Courts in this District, however, have previously rejected Respondents' argument.  *See Hernandez*, 2018 WL 3579108, at *11 ("However, because the *Jennings* majority and dissent were focused on whether the statutes required bond hearings, declining to reach the constitutional question at issue here, the Court is unpersuaded that *Jennings* has any bearing on the appropriate procedures consistent with due process."); *Dukuray*, 2018 WL 5292130, at *5.

Indeed, "the 'overwhelming majority' of courts have concluded, post-*Jennings*, that when unreviewed detention has become unreasonable, the government must bear the burden of proof at a bond hearing by clear and convincing evidence, to ensure the preservation of the detainees' fundamental liberty interests."  *Joseph v. Decker*, No. 18 Civ. 2640, 2018 WL 6075067, at *12 (S.D.N.Y. Nov. 21, 2018) (citation omitted) (collecting cases).  The Court agrees with these cases that "imposing a clear and convincing standard [on the Government] would be most consistent with due process."  *Perez v. Decker*, No. 18 Civ. 5279, 2018 WL 3991497, at *6 (S.D.N.Y. Aug. 20, 2018) (alteration in original) (quoting *Hernandez*, 2018 WL 3579108, at *11).

Accordingly, at the bond hearing the IJ must order Gomes Herbert to be released on bail unless the Government establishes by clear and convincing evidence that he poses a risk of flight or a risk of danger to the community.  Additionally, the IJ must "consider ability to pay and alternative conditions of release in setting bond."  *Hernandez*, 2018 WL 3579108, at *12.

### III.     Conclusion

For the foregoing reasons, Petitioner's request is GRANTED.  The Respondents shall take Gomes Herbert before an immigration judge within fourteen days of this order for an individualized bond hearing, or else they must immediately release him.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:  April 1, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge